IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DIANE KIMMEL,** | : | **No. 3:13cv2229** |
| Plaintiff | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **ZBIGNIEW PONTIAKOWSKI and** | : | |
| **SCHNEIDER NATIONAL CARRIERS, INC.,** | : | |
| Defendants | : | |
| | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is defendants' motion for summary judgment. (Doc. 30). This motion is fully briefed and ripe for disposition.

## BACKGROUND

The instant personal injury action arose from a motor vehicle accident, which occurred on Interstate 81 in Luzerne County. (Doc. 1, Notice of Removal ¶ 2). On March 24, 2011, Plaintiff Diane Kimmel (hereinafter "plaintiff") was driving north on Interstate 81. (Doc. 1-4, Compl. ¶ 5). In front of plaintiff, Defendant Zbigniew Pontiakowski was driving a tractor trailer owned by Defendant Schneider National Carriers, Inc. (Id. ¶ 6). Plaintiff alleges that a piece of ice broke off defendants' tractor trailer and crashed into her front windshield causing it to shatter. (Id. ¶ 7). As a result of this accident, plaintiff avers that she suffered

severe and permanent injuries and incurred medical expenses.  (Id. ¶¶ 9-10).

Based upon these allegations, plaintiff filed a negligence complaint against Defendants Pontiakowski and Schneider National Carriers (collectively "defendants") in the Court of Common Pleas of Philadelphia County.  (See generally Compl.).  Defendants removed the case to the Federal District Court for the Eastern District of Pennsylvania on April 22, 2013.  (Doc. 1, Notice of Removal).  Subsequent to removal, the case was transferred to the Middle District of Pennsylvania on September 6, 2013. (Doc. 19).

At the conclusion of discovery, defendants filed a motion for summary judgment.  (Doc. 30).  In response, plaintiff moved to strike defendants' summary judgment motion because it was filed after the dispositive motion deadline.  (Doc. 37).  The parties then briefed the issues bringing the case to its present posture.

**JURISDICTION**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.  Plaintiff Diane Kimmel is a citizen of Pennsylvania.  (Doc. 1, Notice of Removal ¶ 7).  Defendant Zbigniew Pontiakowski is a citizen of

Delaware.  (Id. ¶ 6).  Defendant Schneider National Carriers, Inc. is incorporated under the laws of the State of Nevada with its principal place of business in Wisconsin.  (Id. ¶ 5).  Additionally, the amount in controversy exceeds $75,000.  Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over this case.  See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]"); 28 U.S.C. § 1441 (A defendant can generally move a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute).  As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tomkins, 304 U.S. 64, 78 (1938)).

**DISCUSSION**

Defendants move for summary judgment on plaintiff's negligence claims.  Specifically, defendants assert that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry

plaintiff's burden of proof at trial.  Plaintiff argues that defendants' motion for summary judgment is untimely, and thus must be denied.  Alternatively, plaintiff claims that genuine issues of material fact preclude summary judgment.  After careful consideration, the court will deny defendants' motion as untimely.

The law provides that a federal district court may establish the dispositive motion deadline.  See FED. R. CIV. P. 56(b) (stating that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of discovery.").  In the instant case, the court set the dispositive motion deadline for March 31, 2014.  (Doc. 27).  Defendants filed their motion for summary judgment on April 16, 2014, which is sixteen (16) days after the dispositive motion deadline.  Defendants' motion for summary judgment is thus untimely.

The Third Circuit Court of Appeals has stated that before a court may consider an untimely motion for summary judgment, "a party must make a formal motion for extension of time [pursuant to Federal Rule of Civil Procedure 6(b)(1)(B)] and the district court must make a finding of excusable neglect, under the Pioneer factors, before permitting an

untimely motion." Drippe v. Tobelinski, 604 F.3d 778, 784-85 (3d Cir. 2010) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993)).  "Under Pioneer, the excusable neglect inquiry must consider 'all relevant circumstances surrounding the party's omission.  These include . . . the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" Id. (quoting Pioneer, 507 U.S. at 395); see also In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 125 n.7 (3d Cir. 1999) (explaining that the Pioneer factors apply to all excusable neglect inquiries mandated under the Federal Rules of Civil Procedure).

In the instant case, the court is precluded from addressing the merits of defendants' untimely summary judgment motion for two reasons.  First, defendants have failed to seek an extension of time under Rule 6(b)(1)(B).  Second, defendants have not demonstrated that their failure to comply with the applicable deadline was the result of excusable neglect.  Ergo, the court will deny defendants' motion as untimely.

**CONCLUSION**

For the reasons stated above, the court will deny defendants' motion for summary judgment without prejudice to defendants filing a motion for an extension of time pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) within fourteen (14) days.  Defendants' motion for an extension of time must address excusable neglect.  An appropriate order follows.

                                          **BY THE COURT:**

                                          **s/ James M. Munley**
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**