# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE KIMMEL, | : | No. 3:13cv2229 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| ZBIGNIEW PONTIAKOWSKI and | : | |
| SCHNEIDER NATIONAL CARRIERS, INC., | : | |
| Defendants | : | |
| | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is defendants' motion for an extension of time to file a motion for summary judgment pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). (Doc. 42). This motion is fully briefed and ripe for disposition.

## BACKGROUND

The instant personal injury action arose from a motor vehicle accident, which occurred on Interstate 81 in Luzerne County, Pennsylvania. (Doc. 1, Notice of Removal ¶ 2). On March 24, 2011, Plaintiff Diane Kimmel (hereinafter "plaintiff") was driving north on Interstate 81. (Doc. 1-4, Compl. ¶ 5). In front of plaintiff, Defendant Zbigniew Pontiakowski was driving a tractor trailer owned by Defendant Schneider National Carriers, Inc. (Id. ¶ 6). Plaintiff alleges that a piece of

ice broke off defendants' tractor trailer and crashed into her front windshield causing it to shatter. (Id. ¶ 7). As a result of this accident, plaintiff avers that she suffered severe and permanent injuries and incurred medical expenses. (Id. ¶¶ 9-10).

Based upon these allegations, plaintiff filed a negligence complaint against Defendants Pontiakowski and Schneider National Carriers (collectively "defendants") in the Court of Common Pleas of Philadelphia County. (See generally Compl.). Defendants removed the case to the Federal District Court for the Eastern District of Pennsylvania on April 22, 2013. (Doc. 1, Notice of Removal). Subsequent to removal, the case was transferred to the Middle District of Pennsylvania on September 6, 2013. (Doc. 19).

At the conclusion of discovery, defendants filed a motion for summary judgment. (Doc. 30). In response, plaintiff moved to strike defendants' summary judgment motion because it was filed after the dispositive motion deadline. (Doc. 37). On June 26, 2014, the court denied defendants' motion for summary judgment without prejudice to defendants filing a motion for an extension of time pursuant to Federal Rule of Civil Procedure (6)(b)(1)(B).

2

Defendants filed a motion for an extension of time on July 9, 2014, and the parties briefed the issues bringing the case to its present posture.

**JURISDICTION**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Plaintiff Diane Kimmel is a citizen of Pennsylvania. (Doc. 1, Notice of Removal ¶ 7). Defendant Zbigniew Pontiakowski is a citizen of Delaware. (Id. ¶ 6). Defendant Schneider National Carriers, Inc. is incorporated under the laws of the State of Nevada with its principal place of business in Wisconsin. (Id. ¶ 5). Additionally, the amount in controversy exceeds $75,000. Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over this case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]"). As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tomkins, 304 U.S. 64, 78 (1938)).

**DISCUSSION**

Defendants seek an extension of time to file a motion for summary judgment. The law provides that a federal district court may establish the dispositive motion deadline. See FED. R. CIV. P. 56(b) (stating that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of discovery."). Here, the court set the dispositive motion deadline for March 31, 2014. (Doc. 27). Defendants filed their motion for summary judgment on April 16, 2014–sixteen (16) days after the dispositive motion deadline. Defendants' motion for summary judgment is thus untimely.

The Third Circuit Court of Appeals has stated that before a court may consider an untimely motion for summary judgment, "a party must make a formal motion for extension of time [pursuant to Federal Rule of Civil Procedure 6(b)(1)(B)] and the district court must make a finding of excusable neglect, under the Pioneer factors, before permitting an untimely motion." Drippe v. Tobelinski, 604 F.3d 778, 784-85 (3d Cir. 2010) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993)). "Under Pioneer, the excusable neglect inquiry must consider

'all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" Id. (quoting Pioneer, 507 U.S. at 395); see also In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 125 n.7 (3d Cir. 1999) (explaining that the Pioneer factors apply to all excusable neglect inquiries mandated under the Federal Rules of Civil Procedure). The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395.

As to the first Pioneer factor, the Court finds no evidence to support a finding of prejudice if defendants are permitted to file their untimely summary judgment motion. "Prejudice is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence." In re O'Brien Envtl. Energy, Inc., 188 F.3d at 127. To demonstrate prejudice, a party "must assert loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." Id. (quoting Feliciano v. Reliant Tooling Co., 691 F.2d 653,

5

657 (3d Cir. 1982)). The loss of an advantageous litigation position is not the type of prejudice considered relevant to a court's inquiry. Id. (citing Pratt v. Philbrook, 109 F.3d 18, 22 (1st Cir. 1997)).

In the instant case, the court has not entered a judgment. Rather, defendants filed a motion for summary judgment, which the parties have fully briefed. Ergo, permitting an untimely motion for summary judgment will not unduly prejudice plaintiff.

The court next addresses the length of delay and the impact on judicial proceedings. In assessing delay, "the length of the delay should be considered in absolute terms and not by reference to the import of intervening circumstances." In re Orthopedic Bone Screw Products Liab. Litig., 246 F.3d 315, 325 (3d Cir. 2001) (citing In re O'Brien Envtl. Energy, Inc., 188 F.3d at 130). Stated differently, the delay's effect is judged by comparing when the motion should have been filed with when the motion was filed. In re O'Brien Envtl. Energy, Inc., 188 F.3d at 130; see also In re Orthopedic Bone Screw Products Liab. Litig., 246 F.3d at 325 (noting that the relevant inquiry focuses on how a litigant's "failure to comply with [a particular] deadline will deter the expedient and just resolution of claims.").

The court set the dispositive motion deadline for March 31, 2014.

Defendants filed their summary judgment motion on April 16, 2014–sixteen (16) days after the dispositive motion deadline. A sixteen (16) day delay is minimal; especially, in light of the court's previous orders extending the case management deadlines on two prior occasions. (See docs. 23 & 27). As such, defendants' sixteen (16) day delay is minimal weighing in favor of excusable neglect.

The third Pioneer factor addresses the reason for the delay. Rather than incur the expense and consume judicial resources associated with filing a summary judgment motion, the parties engaged in substantive and meaningful settlement discussions culminating in a Rule 68 Offer of Judgment on March 19, 2014.[1] Plaintiff's counsel strongly recommended settlement to plaintiff. (Doc. 33, Pl.'s Counsel's Mot. to Withdraw ¶ 10). Furthermore, plaintiff's counsel sent an e-mail confirming his settlement recommendation to defense counsel on Friday, April 4, 2014. (Doc. 42-2, Ex. A, E-Mail from Mark Kardos dated 4/4/14).

---

[1] Federal Rule of Civil Procedure 68 provides that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." FED. R. CIV. P. 68.

Plaintiff's counsel's April 4th email states that he would follow-up with defendants' attorney regarding acceptance of the Rule 68 offer on Wednesday, April 9, 2014.  (Id.)  Plaintiff's counsel did not follow-up with defendants' counsel until April 15, 2014.  (Doc. 42-2, Ex. B, E-Mail from Mark Kardos dated 4/15/14).  In his e-mail, plaintiff's attorney advised defendants' counsel that plaintiff would not settle.  (Id.)  The following day, April 16, 2014, defendants filed a motion for summary judgment.  (Doc. 30).

The delay was not caused by any incompetence on the part of defense counsel.  Rather, defense counsel's actions establish a professional courtesy to plaintiff's counsel and his client to review the settlement offer prior to continuing litigation.  Accordingly, the totality of the circumstances demonstrates that the parties were working amicably toward settlement, which weighs in favor of a finding of excusable neglect.

Finally, the good-faith factor also weighs in favor of finding excusable neglect.  The court finds no evidence that defendant acted in bad faith in failing to file a timely motion for summary judgment.  Specifically, defendants filed their motion for summary judgment the day after plaintiff alerted defendants that she rejected the settlement offer.

Defendants did not wait a week, month or until the eve of trial to file their motion. Instead, defendants filed their summary judgment motion as soon as it became clear that plaintiff did not share a reciprocal desire to settle the case. Thus, defendants' good-faith actions weigh in favor of excusable neglect.

**CONCLUSION**

For the reasons stated above, we find that the filing of the untimely motion for summary judgment was due to excusable neglect. All relevant circumstances surrounding defendants' untimely summary judgment motion weigh in favor of this finding. Therefore, the court will grant defendants' motion for an extension of time pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). An appropriate order follows.

**Date:  8/12/14**    **s/ James M. Munley**
    **JUDGE JAMES M. MUNLEY**
    **United States District Court**