# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE KIMMEL, <br>     Plaintiff <br><br> v. <br><br> ZBIGNIEW PONTIAKOWSKI and <br> SCHNEIDER NATIONAL CARRIERS, INC., <br>     Defendants | No. 3:13cv2229 <br><br> (Judge Munley) |

## MEMORANDUM

Before the court for disposition is Defendants Zbigniew Pontiakowski and Schneider National Carriers, Inc.'s (collectively "defendants") motion for summary judgment. (Doc. 49). This motion is fully briefed and ripe for disposition.

## BACKGROUND

The instant personal injury action arose from a motor vehicle accident occurring on Interstate 81 in Luzerne County. (Doc. 1, Notice of Removal ¶ 2; Doc. 51-2, Kimmel Interrog. (hereinafter "Kimmel Interrog.") ¶ 2). On March 24, 2011, Plaintiff Diane Kimmel (hereinafter "plaintiff") drove north on Interstate 81. (Kimmel Interrog. ¶ 2(d)). While driving, plaintiff approached a Schneider National Carriers tractor trailer driven by Defendant Zbigniew Pontiakowski. (Id. ¶¶ 5, 9). As plaintiff reached the tractor trailer, pieces of ice broke off the top of the trailer and crashed into plaintiff's front windshield causing the windshield to shatter. (Id. ¶ 5). As

a result of this accident, plaintiff avers that she suffered severe and permanent injuries and incurred medical expenses. (Id. ¶¶ 11-14, 21, 24).

Plaintiff filed the instant two-count negligence complaint in the Court of Common Pleas of Philadelphia County. Count One asserts a negligence claim against Defendant Zbigniew Pontiakowski. (Doc. 1-4, Ex. A, Compl. ¶¶ 12-13). Count Two asserts a negligence claim against Defendant Schneider National Carriers, Inc. (Id. ¶¶ 14-16).

On April 22, 2013, defendants removed the case to the Federal District Court for the Eastern District of Pennsylvania. (Doc. 1, Notice of Removal). Subsequent to removal, the case was transferred to the Middle District of Pennsylvania on September 6, 2013. (Doc. 19).

At the conclusion of discovery, defendants filed a motion for summary judgment. (Doc. 30). Initially, the court denied defendants' motion without prejudice as untimely. (Doc. 40). Defendants then filed a motion for an extension of time (Doc. 42), which the court granted (Doc. 48), allowing defendants to file the instant motion for summary judgment (Doc. 49). The parties then briefed the issues bringing the case to its present posture.

**JURISDICTION**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Plaintiff Diane Kimmel is a citizen of Pennsylvania. (Doc. 1, Notice of Removal ¶ 7). Defendant Zbigniew Pontiakowski is a citizen of Delaware. (Id. ¶ 6). Defendant Schneider National Carriers, Inc. is incorporated under the laws of the State of Nevada with its principal place of business in Wisconsin. (Id. ¶ 5). Additionally, the amount in controversy exceeds $75,000. Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over this case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]"); 28 U.S.C. § 1441 (A defendant can generally move a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute). As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tomkins, 304 U.S. 64, 78 (1938)).

**LEGAL STANDARD**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party

4

moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial.  Celotex v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories demonstrating that there is a genuine issue for trial.  Id. at 324.

**DISCUSSION**

Defendants move for summary judgment on plaintiff's negligence claims asserting that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry plaintiff's burden of proof at trial.  Plaintiff counters that she can state a *prima facie* negligence claim.  After careful consideration, the court agrees with plaintiff.

In Pennsylvania, the elements necessary to plead an action in negligence are: (1) the existence of a duty or obligation requiring a certain standard of conduct; (2) a failure to conform to that duty, or a breach thereof; (3) a causal connection between the breach and the harm and (4) actual loss or damage suffered.  Cavanagh v. Electrolux Home Prods.,

904 F. Supp. 2d 426, 429 (E.D. Pa. 2012) (citing <u>Atcovitz v. Gulph Mills Tennis Club, Inc.</u>, 812 A.2d 1218, 1222 (Pa. 2002)). The court addresses the issues of duty, breach, causation and harm *in seriatim*.

The first element of plaintiff's negligence claim is duty. "A duty, in negligence cases, may be defined as an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." <u>Atcovitz</u>, 812 A.2d at 1222. Pennsylvania's Vehicle Code, 75 PA. CONS. STAT. ANN. §§ 101-9901, establishes the particular standard of conduct for all drivers and operators of motor vehicles within Pennsylvania. Relevant to the instant case, the Vehicle Code provides that "[w]hen snow or ice is dislodged or falls from a moving vehicle and strikes another vehicle or pedestrian causing death or serious bodily injury, the operator of the vehicle from which the snow or ice is dislodged or falls shall be subject to a fine of not less than $200 nor more than $1,000 for each offense." 75 PA. CONS. STAT. ANN. § 3720. Thus, viewing the facts in the light most favorable to plaintiff, the court will find that plaintiff may establish that defendants had a duty to keep their trailer free from falling debris.

The court next addresses breach. Defendants deny they breached

their duty to plaintiff because plaintiff failed to identify Schneider National Carriers as the owner, and Defendant Pontiakowski as the operator, of the tractor trailer, which caused plaintiff's accident. The court disagrees.

After plaintiff's windshield shattered, both plaintiff and Defendant Pontiakowski pulled off to the side of Interstate 81. (Kimmel Interrog. ¶¶ 5, 9). Plaintiff exited her car and spoke with Pontiakowski. (Id. ¶ 9). During this conversation, Pontiakowski called his dispatcher and handed plaintiff his cell phone. (Id. ¶¶ 5, 9). Plaintiff spoke with a dispatcher at Schneider and obtained an incident claim number. (Id.) Accordingly, a reasonable jury could identify Pontiakowski as the driver, and Schneider as the owner, of the tractor trailer that caused the accident.

Finally, the existence of genuine issues of material fact pertaining to causation and harm preclude summary judgment. Initially, defendants deny that the falling ice caused plaintiff's injuries. Plaintiff, however, asserts that her medical records rebuff defendants' general denials and affirmatively demonstrate genuine issues for trial regarding causation and harm.

Plaintiff's emergency room report from the Schuylkill Medical Center on March 26, 2011 indicates that "[t]his is a 49 year old woman who was

driving her truck when another truck which had ice on the roof released this ice which hit [plaintiff's] windshield causing breakage and splinters of glass to enter both her eyes." (Doc. 51-1, Schuylkill Med. Ctr. R. dated 3/26/11 at 2). Furthermore, plaintiff's follow-up visit with her treating physician, Dr. Aslam, demonstrates that plaintiff drove behind defendant's tractor trailer when a chunk of ice flew off and shattered plaintiff's windshield. Specifically:

> [Plaintiff] is complaining of [an] auto accident 24th of March. A skid of ice flew off top of trailer on Route 81. This was 4th piece that hit her and came right into windshield and crashed over the top of her roof of the car. Patient was hit by glass that flew all over. She had her eyeglasses on. She closed her eyes and put a strong death grip on her steering wheel. . . . Patient was in a state of shock. . . .
>     [Plaintiff] went to Dr. Christine Saad [Ophthalmologist]. Dr. Saad immediately saw glass in both eyes. [Dr. Saad] pulled some pieces out and also said [plaintiff] has a piece embedded in lower lid right eye and another one in the upper part of her left eye. [Dr. Saad] told plaintiff she will need surgery to take those pieces, but [Dr. Saad] was not sure if she could get the pieces out even with surgery.

(Doc. 51-1, Dr. Aslam Med. R. at 3).

Defendants assert that plaintiff's medical records are inadmissible third-party hearsay statements. Federal Rule of Evidence 803(4), however, provides an exception to general rule precluding hearsay

8

statements. "Statements for purposes of medical diagnosis or treatment" are not excluded by the hearsay rule, even though the declarant is available as a witness, when those statements are "made for the purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." FED. R. EVID. 803(4).[1] These statements are regarded as inherently reliable because of the recognition that one seeking medical treatment is keenly aware of the necessity for being truthful in order to secure proper care. FED. R. EVID. 803(4) advisory committee's notes. As such, viewing the facts in the light most favorable to plaintiff, the court will find that plaintiff's medical records are admissible to establish causation and harm, thereby creating genuine issues of material fact regarding these issues.

---

[1] To the extent that the statements allege fault, however, they do not fall within the exception. Id.; see also Williams v. Gov't of V.I., 271 F. Supp. 2d 696, 703 (D.V.I. 2003) (explaining that statements admissible under the medical diagnosis exception are limited to issues of causation and do not generally extend to fault, because identification of the perpetrator lacks the necessary nexus to treatment goals).

**CONCLUSION**

For the reasons set forth above, the court will find that genuine issues of material fact exist making it inappropriate to grant summary judgment to the defendants. A reasonable jury could conclude that plaintiff may state a *prima facie* negligence case against both defendants. Whether plaintiff can carry her burden of proof on a personal injury negligence claim will be decided at trial. An appropriate order follows.

                                     **BY THE COURT:**

                                     **s/ James M. Munley**
                                     **JUDGE JAMES M. MUNLEY**
                                     **United States District Court**