# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE KIMMEL,<br>    Plaintiff<br><br>   v.<br><br>ZBIGNIEW PONTIAKOWSKI and<br>SCHNEIDER NATIONAL CARRIERS, INC.,<br>    Defendants | No. 3:13cv2229<br><br>(Judge Munley) |

## **MEMORANDUM**

Before the court for disposition are defendants' motions in limine filed in advance of the pretrial conference. (Docs. 61, 63, 65, & 67). The motions have been fully briefed and are ripe for disposition. For the reasons that follow, the motions will be granted in part and denied in part.

## Background

The instant personal injury action arose from a motor vehicle accident occurring on Interstate 81 in Luzerne County. (Doc. 1, Notice of Removal ¶ 2; Doc. 51-2, Kimmel Interrog. (hereinafter "Kimmel Interrog.") ¶ 2). On March 24, 2011, Plaintiff Diane Kimmel (hereinafter "plaintiff") drove north on Interstate 81. (Kimmel Interrog. ¶ 2(d)). While driving, plaintiff approached a Schneider National Carriers tractor trailer driven by Defendant Zbigniew Pontiakowski. (Id. ¶¶ 5, 9). As plaintiff reached the tractor trailer, pieces of ice broke off the top of the trailer and crashed into plaintiff's front windshield causing the windshield to shatter. (Id. ¶ 5). As a result of this accident, plaintiff avers that she suffered severe and

permanent injuries and incurred medical expenses.  (Id. ¶¶ 11-14, 21, 24).

Plaintiff filed a two-count negligence complaint in the Court of Common Pleas of Philadelphia County.  Count One asserts a negligence claim against Defendant Zbigniew Pontiakowski.  (Doc. 1-4, Ex. A, Compl. ¶¶ 12-13).  Count Two asserts a negligence claim against Defendant Schneider National Carriers, Inc.  (Id. ¶¶ 14-16).

On April 22, 2013, defendants removed the case to the Federal District Court for the Eastern District of Pennsylvania.  (Doc. 1, Notice of Removal).  Subsequent to removal, the case was transferred to the Middle District of Pennsylvania on September 6, 2013.  (Doc. 19).

At the conclusion of discovery, defendants filed a motion for summary judgment.  (Doc. 30).  Initially, the court denied defendants' motion without prejudice as untimely.  (Doc. 40).  Defendants then filed a motion for an extension of time (Doc. 42), which the court granted (Doc. 48), allowing defendants to file a second motion for summary judgment (Doc. 49).  The court denied defendants' second motion for summary judgment on October 16, 2014.  (Doc. 54).

A pretrial conference has been scheduled, and in accordance with the court's rule, defendants have filed four (4) motions in limine.  We will address them *in seriatim*.

**1. Motion to preclude evidence of wage loss, loss of income and loss of future earning capacity**

Defendants seek to preclude plaintiff from introducing evidence at trial of wage loss, loss of income and loss of future earning capacity. Plaintiff concedes that her wage loss and loss of income claims should be precluded because she was not working at the time of the accident and has been receiving social security disability since March 27, 2012.[1] (Kimmel Interrog. ¶¶ 21-22). The court will therefore grant defendants' motion in limine on plaintiff's wage loss and loss of income claims as unopposed.

Plaintiff, however, seeks to introduce evidence at trial of her diminished future earning capacity. Specifically, plaintiff planned prior to the accident to return to work as a nurse or possibly open a bakery in her home. Defendants argue that plaintiff's future earning capacity damages are speculative and therefore, must be precluded from trial.

Pennsylvania law provides that "where there is evidence that a plaintiff has suffered disabling permanent injury, it is a jury question as to whether such injury will 'shorten' her 'economic horizon' and thereby result

---

[1] The Social Security Administration awarded plaintiff disability benefits on March 27, 2012 with an alleged onset date of August 14, 2007 when plaintiff sustained injuries while working as a nurse.

3

in a future loss of earning power."[2]  Frankel v. Todd, 393 F.2d 435, 438 (3d Cir. 1968) (citing Gary v. Mankamyer, 403 A.2d 87, 89 (Pa. 1979)). Furthermore, "[i]f a plaintiff proves that . . . her ability to perform the duties of employment has been impaired, a jury can award damages for loss of future earning power even though the loss has not been translated by evidence into a precise monetary figure."  Kearns v. Clark, 493 A.2d 1358, 1364 (Pa. 1985).  It is sufficient for a plaintiff to provide information to enable the jury "'to estimate damages without engaging in speculation.'"  Detterline v. D'Ambrosio's Dodge, Inc., 763 A.2d 935, 941 (Pa. Super. Ct. 2000) (quoting Cohen v. Albert Einstein Med. Ctr., 592 A.2d 720, 729 (Pa. 1991)).

Damages are "speculative only when uncertainty concerns **the fact of the damages, not the amount**."  Carroll by Burbank v. Phila. Hous. Auth., 650 A.2d 1097, 1100 (Pa. Commw. Ct. 1994) (emphasis added); see also Ware v. Rodale Press, Inc., 322 F.3d 218, 226 (3d Cir. 2003) (noting that damages are speculative only if "the uncertainty surrounding

---

[2] Although expert testimony is required to prove the permanency of a plaintiff's injury, it is not required to prove loss of earning capacity. Keifer v. Reinhart Foodservices, LLC, 563 F. App'x 112, 115 (3d Cir. 2014) (citing Pratt v. Stein, 444 A.2d, 674, 696 (Pa. 1982).  Regarding plaintiff's loss of earning capacity, her own testimony may suffice.  Id., 563 F. App'x at 115 (citing Gary v. Mankamyer, 403 A.2d at 90).

4

them relates to whether they actually exist."); Kituskie v. Corbman, 714 A.2d 1027, 1030 (Pa. 1998) (holding that "[d]amages are considered remote or speculative only if there is uncertainty concerning the identification of the existence of damages rather than the ability to precisely calculate the amount or value of damages.").

Stated differently, the "mere uncertainty as to the amount of damages will not bar recovery where it is clear that damages were the certain result of the defendant's conduct." Pugh v. Holmes, 405 A.2d 897, 909-10 (Pa. 1979). As the Supreme Court has stated:

> [W]hen, from the nature of the case, the amount of the damages can not be estimated with certainty, or only a part of them can be so estimated, we can see no objection to placing before the jury all the facts and circumstances of the case, having any tendency to show damages, or their probable amount; so as to enable them to make the most intelligible and probable estimate which the nature of the case will permit.

Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 564 (1931).

In the instant matter, plaintiff seeks to testify that she planned to return to work as a nurse. The court will allow plaintiff's testimony on this issue. Plaintiff, based on her past experience as a nurse, will enable to jury to estimate damages without engaging in speculation.

Plaintiff also seeks to testify that she planned to open a bakery in

her home prior to the accident.  The court will exclude this testimony because is it speculative.  Specifically, whether plaintiff could start, operate and run a successful bakery is uncertain and therefore speculative.

Accordingly, defendants' motion to preclude plaintiff from introducing evidence of her diminished future earning capacity will be granted in part and denied in part.  The court will deny defendants' motion to exclude evidence of plaintiff's diminished future earning capacity regarding her plans to return to work as a nurse.  The court will grant defendants' motion to exclude evidence of plaintiff's diminished earning capacity pertaining to her plans to open a bakery out of her home.

**2.  Motion to preclude evidence of medical expenses or costs**

Defendants next motion in limine seeks to preclude from trial any evidence of plaintiff's medical expenses or costs, asserting that plaintiff has failed to demonstrate any evidence of medical treatment expenses or medical bills incurred as a result of this accident.  To the contrary, all of plaintiff's medical expenses have been paid through Medicare, Medicaid and Social Security Disability Insurance.  (Kimmel Interrog. ¶¶ 2-4).

Plaintiff responds that her medical expenses caused the Department of Public Welfare (hereinafter "DPW") to assert a lien against her in the

amount of $2,230.15.  Further, plaintiff believes a Medicare lien may exist. Finally, Dr. Aslam has outstanding medical bills in the amount of $11,000.00.

Federal law provides that relevant evidence is generally admissible. FED. R. EVID. 402.  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.  "The plain meaning of the Rule demonstrates that the scope of relevant evidence is intended to be broad, and the authorities support such a broad reading." McQueeney v. Wilmington Trust Co., 779 F.2d 916, 922 (3d Cir. 1985).

Regarding the DPW and potential Medicare liens, Pennsylvania law provides that payments from a "collateral source shall not diminish the damages otherwise recoverable from the wrongdoer." Ocasio v. Ollson, 596 F. Supp. 2d 890, 904 (E.D. Pa. 2009).  The DPW and Medicare liens associated with the medical bills are not relevant evidence and cannot be addressed in front of the jury.  But of course plaintiff's medical bills associated with the DPW and potential Medicare liens are properly a part

of this matter.³

Further, with regard to Dr. Aslam, plaintiff seeks only expenses which have been or must be paid. It is well settled under Pennsylvania law that "'damages are to be compensatory to the full extent of the injury sustained,' and that actual compensation is given 'by graduating the amount of damages exactly to the extent of the loss.'" Sonlin ex rel. Sonlin v. Abington Mem'l Hosp., 748 A.2d 213, 219 (Pa. Super. Ct. 2000) (quoting Kaczkowski v. Bolubasz, 421 A.2d 1027, 1029 (Pa. 1980)). Therefore, plaintiff will be allowed to offer Dr. Aslam's total medical bill into evidence, subject to cross-examination.

**3. Motion to exclude evidence of injuries not casually related to the alleged incident**

Defendants seek to preclude from trial any evidence of injuries not causally related to the alleged accident.⁴ Pennsylvania law provides that "expert medical testimony is necessary to establish the causal nexus of

---

³ Should plaintiff recover, the parties may mold plaintiff's award accordingly.

⁴ Specifically, plaintiff alleges that she suffered severe and permanent injuries including "cervical strain, post concussion syndrome, post traumatic headaches, pulmonary and [Ear Nose and Throat] problems from inhalation of glass particles, post traumatic stress disorder, multiple contusions and abrasions, damage to the bones, nerves and soft tissues, anguish, anxiety and depression. (Doc. 1-4, Ex. A, Compl. ¶ 9).

8

the injury to the tortious conduct in those cases where the connection is not obvious." Maliszewski v. Rendon, 542 A.2d 170, 172 (Pa. Super. Ct. 1988) (citing Simmons v. Mullen, 331 A.2d 892, 899-900 (Pa. Super. Ct. 1974)).  Stated differently, "Pennsylvania law is clear that in a personal injury case when there is no obvious causal relationship between the accident and the injury, unequivocal medical testimony is necessary to establish the causal connection." Niklaus v. Vivadent, Inc., U.S.A., 767 F. Supp. 94, 96 (M.D. Pa 1991) (citations omitted).

Plaintiff has indicated that at trial she will offer the medical testimony of doctors Christine Saad, M.D. and Mohamed Aslam, M.D. to support her assertions that the alleged accident caused her permanent eye damage and aggravated a prior cervical injury.  Thus, the court will allow testimony regarding these two injuries.

**4.  Motion to preclude plaintiff from referring to Defendant Zbigniew Pontiakowski as a "professional driver" or asserting that a commercial motor vehicle driver owes plaintiff a higher duty of care**.

Defendants' final motion in limine seeks to preclude plaintiff from referring to Defendant Pontiakowski as a "professional driver" or insinuating that Pontiakowski should be held to a higher standard of care in operating his vehicle.  Plaintiff agrees that she will not refer to Defendant Pontiakowski as a "professional driver" and agrees that

Pontiakowski is not held to a higher standard of care. Plaintiff, however, reserves her right to question defendant regarding the duty of care applicable to all Pennsylvania drivers. As such, defendants' motion will be granted as unopposed, but plaintiff may question defendants as to their duty of care without reference to Defendant Pontiakowski's status as a commercial motor vehicle operator.

Conclusion

For the above-stated reasons, defendants' motions in limine will be granted in part and denied in part. An appropriate order follows.

Date: 11/19/14          s/ James M. Munley
                        **JUDGE JAMES M. MUNLEY**
                        **United States District Court**